UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:22-CV-5786-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating the medical opinions of Dr. Weaver and Dr. Staley. These errors were not harmless because a proper evaluation of their opinions could change the ALJ's RFC assessment

and ultimate decision of nondisability. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 28, 2019, Plaintiff protectively filed for DIB and SSI, alleging disability as of November 20, 2009 on both applications. *See* Dkt. 15; Administrative Record ("AR") 49, 101-02, 111-25, 127-28, 138-39. Plaintiff later amended his alleged onset date to September 6, 2017. AR 49, 81. The applications were denied upon initial administrative review and on reconsideration. *See* AR 108, 125, 135, 152.

ALJ Richard Hlaudy held a hearing on April 20, 2021 and issued a decision on August 3, 2021, finding Plaintiff not disabled. AR 46-99. Plaintiff's requested review of the ALJ's decision to the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in: (1) evaluating medical opinion evidence, (2) evaluating his subjective symptom testimony, (3) evaluating lay witness testimony, and (4) assessing his residual functional capacity ("RFC"). Dkt. 15, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

///

///

DISCUSSION

## I. Whether the ALJ Properly Evaluated Medical Opinion Evidence

Plaintiff contends the ALJ erred in evaluating the medical opinions of (1) Dr. Ryan O'Connor, (2) Ms. Kacie Hamreus, PA, and (3) Dr. Lewis Weaver and Dr. Norman Staley. Dkt. 15, pp. 3-16.

For applications filed after March 27, 2017, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### A. Dr. O'Connor

Dr. Ryan O'Connor completed a psychiatric evaluation and opined the following: Plaintiff is able to manage funds independently; his ability to perform simple and repetitive tasks, and detailed and complex tasks is fair; his ability to perform work activities on a consistent basis without special or additional instructions is limited; his ability to perform work duties at a sufficient pace is limited; his ability to maintain regular attendance in the workplace and complete a normal workday without interruptions is limited; and his ability to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace is fair. AR 654.

The ALJ discounted Dr. O'Connor's opinion because it was inconsistent with Plaintiff's record. AR 63. When weighing a medical opinion, the ALJ must consider how consistent it is with other evidence from medical and nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The evidence the ALJ cited shows Plaintiff frequently had normal mental status findings, including normal judgment, insight, and thought content with linear through process and intact memory. *See* AR 564, 577, 614, 1431-33, 1513, 1606, 1613, 1692, 1696, 1801-04, 1810, 1939, 2016, 2107-08, 2274, 2286, 2302, 2426. Given that these records negate Dr. O'Connor's findings regarding Plaintiff's mental limitations, the ALJ could reasonably discount his opinion.

The ALJ also discounted Dr. O'Connor's opinion because it was "vague as to the most that [Plaintiff] can do on function-by-function and sustained basis." AR 63. An ALJ may reject a medical opinion that fails to specify functional limitations. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (affirming the ALJ's rejection of a medical opinion because the medical source's statements regarding how a claimant is "limited" or "fair" were "inadequate for determining RFC"). Dr. O'Connor's opinion here lacked specificity as to Plaintiff's actual functional limits, therefore the ALJ could reasonably discount his opinion for its vagueness.

Plaintiff argues if the ALJ had found Dr. O'Connor's opinion too vague, the ALJ should have "properly developed the record by recontacting Dr. O'Connor for clarification." Dkt. 15, p. 4. But "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ did not find that the evidence was ambiguous or that the record was inadequate to evaluate Plaintiff's limitations. Rather, the ALJ had several mental status examinations to inform his decision, and as discussed, the ALJ

permissibly found Dr. O'Connor's opinion inconsistent with medical evidence, as required under the regulations. *See* AR 62-63. Therefore, Plaintiff has not shown that the ALJ's duty to develop the record further was triggered.

**B. Ms. Hamreus, PA**

Ms. Kacie Hamreus, PA completed a review of Plaintiff's medical records in October 2019, diagnosed Plaintiff with osteoporosis, and opined Plaintiff is unable to perform any heavy, medium, light, and most sedentary work. AR 1388. She further opined Plaintiff's highest level of work is less than sedentary. *Id*.

The ALJ first discounted Ms. Hamreus's opinion because it was not supported by any objective medical evidence or explanations. AR 63. How a medical source supports his or her opinion with relevant evidence and explanations is a factor an ALJ must consider when weighing the persuasiveness of a medical opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Here, Ms. Hamreus provided her opinion using a check-box form with no explanations supporting her proposed limitations, therefore the ALJ could reasonably find it lacking in supportability. *See* AR 1388. As a reviewing physician, Ms. Hamreus also provided an opinion that was not supported by records based on her "significant experience" with Plaintiff, therefore the Court cannot say the ALJ impermissibly discounted her opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding the ALJ erred in rejecting a medical opinion provided in a check-box form because the findings were based on physician's treatment experience with the claimant). Additionally, the medical evidence Ms. Hamreus did base her opinion on conflicts with her findings. As the ALJ pointed out, Plaintiff's physician examinations show normal musculoskeletal, upper and lower extremity findings, and notations about Plaintiff's mobility.

*See* AR 435, 487, 564, 566, 577, 605-06, 614, 632, 662, 665, 674, 1167, 1588-59, 1280-81, 1304, 1696.

Plaintiff cites several treatment notes throughout the record to rebut the ALJ's finding but fails to show error with the ALJ's reasoning as most of the treatment notes do not relate to the proposed limitations based on Plaintiff's osteoporosis. *See* Dkt. 15, pp. 4-14. Many, however, show Plaintiff had full strength and range of motion in his upper and lower extremities, or they included reports of Plaintiff being fully independent in his daily living. *See id*. Accordingly, in discounting Ms. Hamreus's opinion, the ALJ did not err. Further, because the ALJ provided at least one valid reason, supported by substantial evidence, in doing so, the Court need not further assess the other reasons offered by the ALJ. Even if those reasons were erroneous, they would nonetheless be rendered harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**C. Dr. Weaver and Dr. Staley**

Plaintiff contends the ALJ erred in evaluating the medical opinions of Dr. Lewis Weaver and Dr. Norman Staley. Dkt. 15, p. 5.

Dr. Lewis Weaver opined Plaintiff is limited to: occasionally lifting and/or carrying ten pounds; frequently lifting and/or carrying less than ten pounds; standing and/or walking about six hours in an eight-hour workday; and sitting for six hours in an eight-hour workday, with several postural and environmental limitations. AR 119-20. Dr. Norman Staley opined Plaintiff is limited to: occasionally lifting and/or carrying 20 pounds; frequently lifting and/or carrying less than ten pounds; standing and/or walking about six hours in an eight-hour workday; and sitting for six hours in an eight-hour workday, with several postural and environmental

limitations. AR 146-47. Both doctors also opined Plaintiff "[m]ust periodically alternate sitting and standing to relieve pain and discomfort." AR 119, 147.

The ALJ found Dr. Weaver's opinion persuasive in part and Dr. Staley's opinion persuasive in full, but failed to address their opinion regarding Plaintiff's need to alternate between sitting and standing. *See* AR 61-62. Unless the ALJ is rejecting a physician's opinion, the ALJ must adopt or incorporate a physician's limitations into the RFC. *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). It is unclear to the Court whether the ALJ did either. If the ALJ intended to reject this portion of their opinion, the ALJ erred for failing to provide an explanation, supported by substantial evidence, why he did so. *See Woods*, 32 F.4th at 792. If the ALJ found this portion persuasive, the ALJ also erred because these limitations were not reflected in the ALJ's RFC assessment. *Valentine,* 574 F.3d at 690.

Whether the ALJ considered Plaintiff's need to alternate between sitting or standing is especially important because the ALJ assessed Plaintiff could perform light work, which requires "a good deal of walking or standing." SSR 83-10. The ALJ does not explain how Plaintiff could perform such work, if he also has a need to alternate between sitting and standing. An incomplete RFC assessment that fails to accurately describe all of a claimant's limitations cannot be said to be supported by substantial evidence. *See Ghanim v. Colvin,* 763 F.3d 1154, 1166 (9th Cir. 2014) (ALJ erroneously relied on a vocational expert's testimony that was flawed because the ALJ improperly discounted medical evidence and plaintiff's testimony, and the hypothetical and RFC were therefore incomplete). Accordingly, the Court finds the ALJ erred in evaluating the medical opinions of Dr. Weaver and Dr. Staley.

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*,

454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, the ALJ's error was not harmless. Had the ALJ properly evaluated the medical opinions of Dr. Weaver and Dr. Staley regarding Plaintiff's need to alternate between sitting and standing, the ALJ may have incorporated Plaintiff's limitations into Plaintiff's RFC and thus change the ALJ's decision that Plaintiff was not disabled. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

## II. Whether the ALJ Properly Evaluated Subjective Symptom Testimony

Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Dkt. 15, pp. 15-17.

Plaintiff testified to back pain and explained that in a given week, he lays down in bed because it hurts for him to stand or sit. AR 81-83. He explained that on a good day, he can stand and sit in chair for an hour, though it takes him 10 minutes to get out of the chair. AR 83. He stated that on a bad day, he cannot sit, stand, or walk at all. *Id*. Plaintiff testified that he is able to run errands, but can only do so for an hour because he has to go back to bed. AR 83-84.

Plaintiff also testified to having colitis, which he explained flares up three times a month, with each flare lasting up to a couple of weeks. AR 83. Plaintiff stated that when his colitis flares up, he has to go to the bathroom 10 to 20 times a day. AR 83-84. He explained he is often fatigued and has little energy. AR 85. Plaintiff also testified to having depression and anxiety, and explained that medication is only a little helpful. AR 87.

The ALJ found that while Plaintiff's medically determinable impairments could reasonably produce the symptoms Plaintiff testified to, the intensity, persistence, and limiting effects as alleged by Plaintiff was inconsistent with the objective medical evidence and Plaintiff's activities of daily living. AR 56-61.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). The specific, clear and convincing reasons must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ first discounted Plaintiff's testimony regarding both of his physical and mental symptoms because his physical and mental exams showed generally normal results. AR 57. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). The ALJ's assessment of Plaintiff's record is supported by substantial evidence. Plaintiff was observed to have normal gait, normal upper and lower extremity strength and range of motion, musculoskeletal strength with no edema or tenderness, and his cervical spine range of motion appeared to be "minimally limited." *See* AR 435, 570, 605-06, 673-74, 1167, 1258-59, 1280-81, 1304, 1599, 2016, 2447, 2481.

As to Plaintiff's testimony about his colitis, the ALJ also pointed to treatment notes showing improvement with his symptoms. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The evidence the ALJ cited shows Plaintiff reported having three to four bowel movements a day, that his condition was stable and well controlled on medication, and that symptoms had overall improved. AR 1603, 1644-45, 1911, 2431, 2469.

In discounting Plaintiff's testimony regarding his depression, the ALJ cited treatment notes showing he was continuously observed as oriented and alert, with intact memory and normal mood, affect, behavior, judgment and thought content. AR 564, 577, 614, 632, 652-53, 662, 665, 674, 1431, 1433, 1511, 1513, 1606, 1613, 1637, 1648, 1692, 1696, 1796, 1801-02, 1810, 1939, 2016, 2107-08, 2274, 2286, 2302. The ALJ also highlighted Plaintiff's reports of improvement in his symptoms. AR 1697, 1721, 1726-27, 1689, 1806, 1801-04. The ALJ further pointed to Plaintiff's treatment notes during his chemical dependency sessions, which show he was compliant and friendly with sufficient impulse control and bright mood. AR 1479, 1487, 1502, 1505. Overall, the medical evidence the ALJ cited sufficiently negates Plaintiff's testimony regarding his physical and mental symptoms and the severity of his colitis, therefore the ALJ did not err in discounting his testimony.

The ALJ also discounted Plaintiff's testimony because it was inconsistent with his activities of daily living. AR 61. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ specifically cited Plaintiff's ability to perform household chores, as well as treatment records stating Plaintiff was

able to ambulate independently for twenty minutes while reporting no pain, that he tries to walk for exercise, and that Plaintiff has tried to apply for jobs at a retain and sandwich store. AR 796, 161, 1727, 1729. Plaintiff's ability to partake in these activities directly contradicts his statement that he is mostly in bed, therefore the ALJ reasonably discounted his testimony based on its inconsistency with Plaintiff's activities of daily living.

In sum, the ALJ's rationales for discounting Plaintiff's testimony were supported by substantial evidence, therefore in doing so, the ALJ did not err.

## III. Whether the ALJ Erred in Evaluating Lay Witness Testimony

Plaintiff contends the ALJ erred in evaluating testimony submitted by Plaintiff's mother and sister. Dkt. 15, p. 18.

Plaintiff's mother wrote that Plaintiff cannot lift heavy things and that he rarely goes outside because he is depressed. AR 359-65. Plaintiff's sister also wrote that Plaintiff cannot lift heavy things or sit or stand for too long, and often isolates himself from others. AR 412-17. The ALJ considered both statements, but did not evaluate them because they were neither valuable nor persuasive. AR 63-64.

Sections 404.1520c(d) and 416.920c(d) of the new regulations provide that an ALJ is not required to evaluate non-medical evidence, such as lay-witness statements, using the factors set forth in 20 C.F.R. § 416.920c(a)-(c). But in this Court's view, they do not unambiguously eliminate the requirement to evaluate lay witness testimony at all, so by simply acknowledging the statements provided by Plaintiff's mother and sister without assessing their credibility, the ALJ erred. *See Heather P. v. Kijakazi*, No. 3:20-cv-1978-SI, 2022 WL 1538654, at *8 (D. Or. May 16, 2022) ("[T]he new regulations do not to do away with the ALJ's obligation to address lay witness testimony altogether. Instead, it only clarifies that the ALJ does not need to use the

new standards for evaluating medical opinion evidence when evaluating non-medical source lay testimony."); *see also Joseph M. R. v. Comm'r of Soc. Sec.*, No. 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) ("Although § 404.1520c(d) states the Commissioner is 'not required to articulate how we consider evidence from nonmedical sources' using the same criteria for medical sources, it does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements.").

However, the ALJ's error is harmless, as the statements Plaintiff's mother and sister provided substantially mirrors Plaintiff's testimony, which the Court found the ALJ permissibly discounted. *See Valentine,* 574 F.3d at 694 (holding that when an ALJ provides a valid reason to discount a claimant's testimony, and the lay witness testimony is similar to the claimant's testimony, it follows that the ALJ's reasoning applies equally to the lay witness testimony).

## IV. Whether the ALJ's RFC Assessment is Supported by Substantial Evidence

Plaintiff contends the ALJ improperly determined his RFC. Dkt. 15, pp.18-19.

The Court has found the ALJ erred in evaluating the medical opinions of Dr. Weaver and Dr. Staley. Thus, the ALJ must reassess Plaintiff's RFC on remand.

## V. Remedy

Plaintiff requests that the Court remand this matter. Dkt. 11, p. 1.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

The Court has determined that the ALJ erred in evaluating the medical opinions of Dr. Weaver and Dr. Staley. On remand, the ALJ shall reevaluate their medical opinions and reassess Plaintiff's RFC.

Dated this 13th day of June, 2023.

David W. Christel
United States Magistrate Judge